UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICKY ASHLEY                                                                                PETITIONER

v.                            No. 4:20-cv-00839-SWW-JTR
                              (Related cases: 4:20-cv-00203-SWW;
                              4:20-cv-00726-SWW; 4:20-cv-00770-KGB;
                              4:20-cv-00788-DPM)

DEXTER PAYNE, Director,
Arkansas Division of Correction,
Arkansas Department of Correction[1]                                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

---

[1] Ashley's Petition names only "J. Thomas Ray" as Respondent. Because Ashley's Petition, construed liberally, seeks habeas relief, the correct respondent is "the person who has custody over [the petitioner]." 28 U.S.C. § 2254 Rule 2(a). The Clerk is directed to update the docket to reflect that the Respondent is Dexter Payne, Director of the Arkansas Department of Correction's Division of Correction. *See* Ark. Code Ann. § 12-27-101 (eff. July 1, 2019) (establishing a Division of Correction to provide for the custody of adult offenders). Payne is automatically substituted as the Respondent pursuant to Fed. R. Civ. P. 25(d).

1

## I.  Background

Pending before the Court is a Motion for Leave to Proceed *in forma pauperis* and a Petition for Writ of Habeas pursuant to § 2254 filed by Petitioner Ricky Ashley ("Ashley"), a prisoner in the Arkansas Department of Correction's Maximum Security Unit.[2]  *Docs. 1-2*.

In the last ten months, Ashley has filed *seven pro se* habeas Petitions.  His first two habeas petitions were dismissed, without prejudice, for failure to exhaust his remedies in state court.  The Eighth Circuit later dismissed his attempted appeals in those cases.  *Ashley v. Payne*, No. 4:19-cv00624-SWW, appeal dismissed, No. 29-1103 (8th Cir. July 10, 2020); *Ashley v. Payne*, No. 4:20-cv-203-SWW, appeal dismissed, No. 20-2210 (8th Cir. July 20, 2020).

At the screening stage of review, Ashley's next four habeas filings were all determined to be frivolous.  Three of those cases have been dismissed, and one is awaiting a decision by the presiding district judge on the pending Recommended Disposition.  *Ashley v. Payne*, No. 4:20-cv-00723-BSM (dismissed as frivolous); *Ashley v. Payne*, No. 4:20-cv-00726-SWW;  *Ashley v. Payne*, No. 4:20-cv-00788-DPM (dismissed as frivolous and for failure to exhaust);  *Ashley v. Payne*, No. 4:20-cv-00770-KGB (pending recommendation for dismissal as frivolous);

---

[2]  *See* https://apps.ark.org/inmate_info/index.php.  The ADC website spells Ashley's first name, "Rickey" instead of "Ricky."

In his current Petition, filed on July 8, 2020, Ashley asserts two "claims" for habeas relief: (1) "Only judges Ray, Wright and [Saline County Circuit Court Judge] Arnold can be responsible for the tampering and forging of the documentations within the petitioner's cases"; and (2) "Judges Wright, Ray & Arnold have been tampering with the records since the very beginning, Arnold signed off on most." *Doc. 2 at 9, 13*.

For the reasons explained below, the Court recommends that: (1) Ashley's habeas Petition be dismissed as frivolous; and (2) he be placed on a restricted filer list requiring court approval for the filing of any new *pro se* habeas Petitions.

## II.   Discussion

### 1.   Ashley's current habeas Petition

After a § 2254 habeas Petition is filed, the Court is required to conduct an initial review of the claims and dismiss the Petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; § 2254 Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions); 28 U.S.C. § 2243.

Additionally, 28 U.S.C. § 1915 requires dismissal of any prisoner case that only alleges claims that are frivolous or malicious. *See* 28 U.S.C. § 1915A(b) ("the court shall . . . dismiss the complaint . . . if the complaint is frivolous, malicious, or fails to

3

state a claim upon which relief may be granted.").³ A complaint which contains factual allegations and legal conclusions "is frivolous where it lacks even an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is "based on an indisputably meritless legal theory," a "clearly baseless," or a "fantastic or delusional" factual scenario. *Id*. at 327-28.

This is Ashley's *fourth* habeas action asserting the same or similar claims. In *Ashley v. Payne*, E.D. Ark. No. 4:20-cv-00726-SWW, Ashley asserted, as a proposed habeas claim, that Judges Wright, Ray, and Arnold "illegally forged the criminal records" in two of Ashley's state court cases. *Id*., *Doc. 2 at p. 5*. On June 29, 2020, the Court dismissed Ashley's habeas Petition as frivolous, finding that the allegations in support of his claims were, on their face, "so frivolous and malicious" that Ashley could only be pursuing them "in bad-faith and with a malevolent intent." *Id*., *Doc. 4 at 4*, *Doc. 6*. Following the dismissal of Case No. 4:20-cv-00726-SWW, Ashley initiated 2 *new* habeas actions making the same or substantially similar claims against the same three judges.⁴

---

³"While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings." *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952).

⁴ The other two cases are: *Ashley v. Payne*, 4:20-cv-00770-KGB, *Doc. 2* at pp. 2, 27 (alleging that "Judges Susan Webber Wright; J. Thomas Ray & Gary M. Arnold have illegally 'forged' sentencing orders within Ashley's [state court] cases" and "knowingly subjected Mr. Ashley to double jeopardy"); *Ashley v. Payne*, 4:20-cv-00788-DPM, *Doc. 2* at p. 2 (alleging that "Judges Susan Webber Wright, Gary M. Arnold, and J. Thomas Ray have forged or caused to be

4

In Ashley's current habeas Petition, he now reasserts for the *fourth* time the same conclusory allegations he made in three earlier actions, all of which were determined frivolous on initial screening.

The claims in Ashley's Petition are supported only by outlandish and conclusory factual allegations that "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations and dismiss *pro se* plaintiff's complaint as frivolous). Accordingly, the Court recommends that Ashley's pending habeas Petition be dismissed, *with prejudice*.

### 2. Restrictions on Future Filings

Ashley has been warned, *repeatedly*, that if he continued to file frivolous *pro se* habeas petitions, restrictions might be imposed on his ability to file new habeas petitions. *See Ashley v. Payne*, No. 4:20-cv-00723-BSM, *Docs. 6, 9*; *Ashley v. Payne*, No. 4:20-cv-00726-SWW, *Docs. 4, 6*; and *Ashley v. Payne*, No. 4:20-cv-00770-KGB, *Doc. 3*.

Ashley has not heeded any of those warnings. To the contrary, after I recommended dismissing his first two habeas Petitions and Judge Wright adopted those recommendations, Ashley began filing successive habeas actions personally attacking

---

forged the sentencing order[s]" and were "given off the record authorization to do so" by Donald Trump and Clarence Thomas.).

me and Judge Wright for our adverse recommendations and rulings. This makes it clear that Ashley now views his federal habeas filings as a recreational activity rather than as a serious legal endeavor to correct constitutional errors in his conviction and sentence.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *see also In re Tyler*, 839 F.2d 1290, 1290-91, 1295 (8th Cir.1988) (per curiam) (recognizing district courts have discretion to place reasonable filing restrictions on litigant who flagrantly and repeatedly abuse the judicial process by filing numerous meritless lawsuits).

Ashley has repeatedly and steadfastly refused to abide by this Court's rulings and Orders and continued to file multiple frivolous and abusive habeas actions. In the interest of judicial efficiency, I recommend that Ashley be placed on a restricted filer list and the Clerk be directed *not* to file any future *pro se* habeas petitions submitted by Ashley without prior approval from the Judge to whom the case is assigned.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Ricky Ashley's Motion for Leave to Proceed *in forma pauperis*, *Doc. 1*, be GRANTED.

2. Mr. Ashley's habeas Petition, *Doc. 2*, be dismissed, *with prejudice*.

3.  Mr. Ashley be placed on the Court's restricted filer list, and the Clerk be directed *not* to file any future *pro se* habeas petitions submitted by Mr. Ashley without prior approval from the Judge to whom the case is assigned.

4.  A Certificate of Appealability be DENIED.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 24th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE